UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFRICA BROWN,

        Plaintiff,        Case Number: 14-CV-11328
                                    HON. AVERN COHN

v.

STATE OF MICHIGAN,

        Defendant.
_____/

## ORDER
## RESCINDING THE ORDER OF REFERENCE TO A MAGISTRATE JUDGE (Doc. 6) AND DISMISSING COMPLAINT

I.

This is a _pro se_ prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, alleges she was exposed to contaminated water while housed at the Camp Brighton facility. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. See Doc. 4. She seeks monetary damages. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In addition, the Order of Reference to a Magistrate Judge issued on April 11, 2014 (Doc. 6), will be rescinded.

II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is

to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

The Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

III.

Applying the above standards, plaintiff's complaint must be summarily dismissed. The complaint fails to satisfy the minimal pleading requirements. Plaintiff simply states that she was exposed to contaminated water while incarcerated at Camp Brighton. She failed to name a single defendant.[1] She alleges no injury associated with this exposure nor does she attribute any factual allegations against a particular defendant.

---

[1] The docket lists the State of Michigan as the defendant in this matter. Apparently, this was done because the Clerk's Office lists a defendant on the Court's electronic database when a new case is filed. The complaint does not, in fact, name a defendant.

IV.

For the reasons set forth above, the Order of Reference is RESCINDED.

The complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).  This dismissal is without prejudice to any motion to intervene Plaintiff may file in <u>Saucier v. Camp Brighton Prison Supervisor</u>, No. 13-cv-15077.[2]

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 8, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 8, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

---

[2] In <u>Saucier</u>, the plaintiff alleges exposure to contaminated drinking water at Camp Brighton.